# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

DEC 1 0 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

EVERETT W. SMALLEN, )
)
Petitioner, )
)
v. ) Case No. CIV 08-128-RAW-KEW
)
STATE OF OKLAHOMA, )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma, was convicted of two counts of Lewd Molestation in Cherokee County District Court Case Number CF-2002-225. He raises four grounds for relief:

I. The state district judge was biased and never intended to hear petitioner's post-conviction claim that his plea agreement was breached.

II. The DOC refused to release petitioner to the suspended portion of his sentence after his successful completion of the sex offender program at HMCC.

III. The DOC is incorporating its sex offender program at HMCC with the voluntary sex offender program at Jess Dunn Correctional Center. To enter the Jess Dunn program petitioner would have to sign a waiver of his constitutional rights.

IV. Petitioner has been denied his transcripts at the Cherokee County District Court. In addition, the prosecutor allegedly made a perjured statement to the court, the court may have had victim impact statements,

and petitioner's counsel was ineffective.

## Grounds I and IV

Petitioner alleges in Ground I that on July 1, 2002, he entered pleas of *nolo contendere* in Case No. CF-2002-225 and was sentenced to ten years' imprisonment for each of the two counts, to be served concurrently. He was to enter a sex offender treatment program or a similar program. Upon successful completion of the program, the balance of his ten-year sentence was to be suspended, with supervised probation after release from prison. He has submitted a Certificate of Completion indicating he completed Phase I of the sex offender program at HMCC on June 6, 2006.

Petitioner asserts in Ground IV that he was denied transcripts for his post-conviction brief, which would have shown the prosecutor knowingly gave perjured testimony that petitioner "had his hands down their panties." He claims the prosecutor's statement resulted in his conviction of a more serious crime. Petitioner also alleges the judge may have had victim impact statements for reference, or some other information unknown to petitioner. In addition, his attorney allegedly was ineffective in failing to object to the prosecutor's statement, and counsel failed to contact petitioner during the ten-day period when a notice of appeal was due.

On April 20, 2005, petitioner filed an application for post-conviction relief, advising the Cherokee County District Court that, prior to his sentencing, the Oklahoma Court of Criminal Appeals had ordered the DOC to close its sex offender program. Petitioner argued in his post-conviction application that the sentencing court should have known the status of the sex offender treatment program before sentencing him to participate. On October 17, 2007, the post-conviction application was denied. The OCCA declined jurisdiction of

2

petitioner's appeal for his failure to timely seek relief from that court. *Smallen v. State*, No. PC 2007-1259 (Okla. Crim. App. Mar. 4, 2008).

The respondent alleges petitioner's claims in Grounds I and IV for relief concerning his post-conviction application are untimely under one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows petitioner entered his guilty plea on July 1, 2002, and he did not seek to timely withdraw the plea or to initiate a direct appeal to the Oklahoma Court of Criminal Appeals. His conviction, therefore, became final on July 11, 2002, ten days after

3

entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His deadline for filing a federal habeas petition was one year later on July 11, 2003. 28 U.S.C. § 2244(d)(1)(A). He did not initiate his post-conviction proceedings until April 20, 2005, after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Therefore, the petition was untimely with regard to Grounds I and IV.

To the extent petitioner is complaining about the post-conviction proceedings which began in 2005, the court finds he has not set forth a true habeas corpus claim. Errors occurring in state post-conviction proceedings are not sufficient to raise a federally cognizable issue with respect to the underlying state criminal conviction. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998).

## Grounds II and III

The respondent asserts petitioner's claims in Grounds II and III concerning the DOC Sex Offender Treatment Program (SOTP) are unexhausted. The record shows that on June 17, 2006, he filed a Request to Staff at HMCC, asking whether arrangements for his release were being made, because he had completed Phase I of the program. The response indicated petitioner could request a transfer to Jess Dunn Correctional Center through his case manager to complete the SOTP. According to an affidavit by Debra Vaughan, HMCC Correctional Case Manager, petitioner's records show he never requested participation in a long-term SOTP after his arrival at HMCC. Therefore, petitioner never was faced with having to waive his constitutional right against self-incrimination.

"A threshold question that must be addressed in every habeas case is that of

4

exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition." *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) (citations omitted). Petitioner has failed to present his issues regarding the SOTP to the state courts, so these claims are unexhausted. Furthermore, because more than one year has passed since petitioner's June 2006 Request to Staff was submitted and answered, these claims would be time barred under 28 U.S.C. § 2244(d).

**ACCORDINGLY,** respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #10] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 10th day of December 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

5